UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05 CR 792 - 1 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| FAUST VILLAZAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Faust Villazan, pursuant to a written plea agreement, has pled guilty to Counts One and Two of the superseding indictment, wire fraud and mail fraud, in violation of 18 U.S.C. §§ 1343, 1341. Villazan also stipulated to having committed the offense set forth in Count Three, bribery concerning programs that receive federal funds, in violation of 18 U.S.C. § 666(a)(2).

This case stems from a bid by a corporation, Siemens Medical Solutions ("SMS"), for a radiology contract at the Cook County Hospital ("the County"). The County required that bids for the $49 million contract provide that thirty percent of the work would be performed by a Minority Business Enterprise ("MBE"). To satisfy the MBE requirements, SMS entered into a joint venture agreement with Faustech Industries ("Faustech"), a certified MBE, to form DD Industries. Villazan was the owner and CEO of Faustech. Under the Joint Venture Agreement, which was submitted to the County, Faustech was to share in thirty percent of the profits and losses of DD Industries. However, contrary to the information submitted to the County, SMS and Faustech entered into a side agreement, whereby SMS would pay Faustech a

flat fee and Faustech would do only limited work. Villazan also made a corrupt payment to a Cook County employee in connection with the fraudulent bid. As calculated in the Presentence Investigation Report, Villazan's offense level is 24 with a criminal history category of I; the Guidelines range for imprisonment is 51 to 63 months. The statutory maximum for Counts I and II is five years.

The "starting point and the initial benchmark" of any sentencing should always be to calculate the applicable Guideline range. *Gall v. United States*, 128 S.Ct. 586, 596 (2007) (*Gall*). However, the Guidelines are "not the only consideration" – a district judge should then "consider all of the factors [listed in 18 U.S.C. § 3553(a)] to determine whether they support a sentence requested by a party." *Gall*, 128 S.Ct. at 596. The judge "may not presume that the Guidelines range is reasonable." *Gall*, 128 S.Ct. at 597.

However, "a district judge must give serious consideration to the extent of any departure from the Guidelines and must explain his conclusion that an unusually lenient or an unusually harsh sentence is appropriate in a particular case with sufficient justifications." *Gall*, 128 S.Ct. at 594. A sentence departing downward from the Guidelines to impose no or only nominal imprisonment "can be justified only by a careful impartial weighing of the statutory sentencing factors." *United States v. McIlrath*, 512 F.3d 421, 426 (7th Cir. 2008) (quoting *United States v. Goldberg*, 491 F.3d 668, 673 (7th Cir. 2007)). That said, the Supreme Court has held that requiring "extraordinary circumstances" to justify a sentence outside the guidelines range or mandating the use of "a rigid mathematical formula" comes "too close to creating an impermissible presumption of unreasonableness for sentences outside the Guideline range."

2

*Gall*, 128 S.Ct. at 595. A court should "impose a sentence sufficient, *but not greater than necessary*," to comply with the purposes set out in § 3553. 18 U.S.C. § 3553(a).

After considering the factors listed in § 3553(a), the Court has determined that a sentence of imprisonment is required for the Defendant. Considering the nature and circumstances of the offense, pursuant to § 3553(a)(1), the fraud in this case, a scheme between SMS and Faustech to circumvent an ordinance to benefit minority-owned businesses and illegally win a $49 million contract bid, involved serious and substantial criminal conduct. Villazan, as the owner and CEO of Faustech and a party to the sham joint venture played a substantial role in the scheme for his own personal gain. Unlike the other two individual defendants, who were both employees of SMS, Villazan stood to gain a direct financial profit of $500,000.

A sentence to provide deterrence, both specific and general, under § 3553(2)(B), is required here. Villazan, in addition to his direct participation in the fraud scheme, also made a corrupt payment to a County official and testified falsely in a civil suit that arose out of the fraud. A sentence of imprisonment is necessary to protect the public and deter the Defendant from future criminal conduct. Furthermore, a term of imprisonment is necessary to demonstrate to others that fraud of this kind and corrupt payments to public officials will not go unpunished.

The Guidelines call for a sentence of between 51 and 63 months. This range was calculated using a loss amount of $14.7 million in accordance with *United States v. Leahy*, 464 F.3d 773 (7th Cir. 2006). As noted above, Villazan was one of two parties who agreed to the submission of the fraudulent bid; the other party was SMS. The high-level officials at SMS who knew of and provided the driving force behind this fraud – such as Richard Brockman, SMS Vice President of Sales, who negotiated the flat-fee arrangement with Villazan – were not prosecuted.

SMS, pursuant to a plea agreement, pled guilty to obstruction of justice in relation to a civil suit challenging the joint venture's bid but did not stipulate to the underlying fraud offense. As a result, SMS paid only a fine and restitution based on an agreed upon loss amount of $1,516,683. Had SMS, like Villazan, been held accountable for the $14.7 million loss amount, SMS would have faced a maximum fine of $29.4 million with $26,460,000 as the low end of the Guidelines range. Therefore, to minimize sentencing disparities between Villazan and SMS, the Court will consider the Guidelines range that would apply if the loss amount was $1,516,683, the loss amount on which SMS's penalty was based.[1] Under § 2B1.1 of the Guidelines, a 16-level increase, rather than the 20-level increase that was previously calculated, applies for that loss amount. Villazan's recalculated total offense level would, therefore, be a 20 with a Guidelines range of imprisonment of 33 to 41 months. Therefore, Villazan shall be sentenced to a term of imprisonment within this Guidelines range.

Dated: March 11, 2008

JOHN W. DARRAH
United States District Court Judge

---

[1] The Court recognizes that the relevant scope when considering sentencing disparities considered under § 3553(a)(6) is generally nationwide. *See United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006). However, in this case, the situation of Desmond's role in the offense is so unique that few other cases are likely to be relevant for purposes of comparison.